# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1488V
UNPUBLISHED

| | |
|---|---|
| JOHN MICHAEL DULANEY, | Chief Special Master Corcoran |
| Petitioner, | Filed: July 26, 2022 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Tetanus Diphtheria acellular Pertussis (Tdap) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| Respondent. | |

*Bridget Candace McCullough, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Ronalda Elnetta Kosh, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On October 28, 2020, John Michael Dulaney filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered left shoulder injuries related to vaccine administration ("SIRVA") as a result of a tetanus, diphtheria, pertussis ("Tdap") vaccine received on August 13, 2018. Petition at 1. Petitioner further alleges the vaccine was administered in the United States, his SIRVA persisted for more than six months, and neither Petitioner nor any other party has ever filed an action or received compensation in the form of an award or settlement for his vaccine-related injury. Petition at ¶¶ 2, 11-13. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 24, 2022, I made a finding of fact that the onset of Petitioner's pain began within the time set forth in the Table for SIRVA (ECF No. 32).

On July 25, 2022, Respondent filed an amended Rule 4(c) report in which he accepts the June 24, 2022 onset ruling as the law of the case for purposes of further proceedings before me, while reserving right to appeal the ruling (ECF No. 34). In light of the fact ruling and medical record evidence, Respondent states that he has concluded that Petitioner suffered SIRVA as defined by the Table. *Id.* at 7. Specifically, he agrees that "petitioner had no recent history of pain, inflammation, or dysfunction of his left shoulder; the onset of pain occurred within 48 hours after receipt of an intramuscular vaccination; the pain was limited to the shoulder in which the vaccine was administered; and, no other condition or abnormality, such as brachial neuritis, has been identified to explain petitioner's left shoulder pain." *Id.* (footnote omitted). In addition, Respondent agrees that Petitioner suffered the residual effects of his condition for more than six months and therefore, "based on the record as it now stands and subject to his right to appeal the Findings of Fact, respondent does not dispute that petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master